**Juana Isabel ESTRADA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72729.
Agency No. A76–229–087.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juana Isabel Estrada, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Emily A. Radford, Attorney Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Juana Isabel Estrada, a native and citizen of Honduras, petitions pro se for review of the order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997). We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

As a member of the Liberal Party in Honduras, members of the rival National Party threatened her as she hung campaign posters, and told her to leave the area. Estrada did not report these threats to the police. After a while, Estrada settled in another part of Honduras without further threats. Estrada testified that she left Honduras for economic reasons.

Substantial evidence supports the IJ's conclusion that any harassment suffered by Estrada on account of her political opinion did not rise to the level of past persecution, and that she does not have a well-founded fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Accordingly, Estrada fails to establish eligibility for asylum withholding of deportation. *See id.* at 340.

Estrada's contention that the BIA erroneously streamlined her appeal is foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir.2004).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Estrada's voluntary departure period will begin to run upon issuance of this court's mandate.

The clerk shall amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent.

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.